**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1264**

---

JUDY CREECH,

Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL
SECURITY,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Henry M. Herlong, Jr., District
Judge.  (4:04-cv-02484-HMH)

---

Submitted:  December 4, 2006        Decided:  January 18, 2007

---

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

W. Daniel Mayes, MAYES LAW FIRM, Aiken, South Carolina, for
Appellant. Reginald I. Lloyd, United States Attorney, Marvin J.
Caughman, Assistant United States Attorney, Deana R. Ertl-Lombardi,
Regional Chief Counsel, Michael A. Thomas, Special Assistant United
States Attorney, Denver, Colorado, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Judy Creech appeals from the district court's order denying her motion for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2000). For the reasons stated below, we affirm the district court's order.

Creech filed an application for supplemental social security income, alleging disability caused by various medical and mental health conditions. Her claim was denied. Following a hearing, an administrative law judge (ALJ) also denied her application for benefits.

Creech requested review of the ALJ's decision and the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. The order of the Appeals Council identified two deficiencies in the ALJ's decision: (1) the ALJ's decision failed to properly evaluate mental impairment according to the applicable regulatory criteria set forth in 20 CFR § 416.920a (2005), and (2) the ALJ's decision failed to perform a function-by-function assessment in analyzing residual functional capacity.

After a second hearing, the ALJ issued a new decision, again denying Creech's application for benefits and concluding that she is capable of medium, unskilled work. After the Appeals Council denied Creech's request for review, she appealed to the district court. A magistrate judge issued a Report and

Recommendation recommending reversal of the ALJ's decision. The magistrate's report concluded that the ALJ failed to comply with the Appeals Council's order on remand. The magistrate judge also found that the ALJ's analysis was inadequate in several respects: (1) the ALJ failed to evaluate the claimant's mental impairment in accordance with the applicable regulations and document its evaluation as directed in the remand order, (2) the ALJ failed to provide its rationale with references to the evidence to support its conclusion regarding the claimant's residual functional capacity, and (3) the ALJ failed to properly specify the basis for its assessment of the claimant's credibility. The district court adopted the magistrate judge's recommendation and entered an order reversing the ALJ's decision and remanding for further administrative action.[*]

Creech then filed a motion in district court requesting approximately $4000 in attorneys' fees under the EAJA. The district court concluded that the Commissioner's litigation position was substantially justified and denied the motion for fees. Creech noted a timely appeal.

A claimant is entitled to an award of fees under the EAJA if: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special

---

[*]In her brief on appeal, Creech states that on remand, the ALJ issued a decision granting her application for benefits without holding a hearing. That decision is not in the record on appeal.

circumstances make an award unjust; and (4) the claimant timely filed his petition supported by an itemized statement. 28 U.S.C. § 2412. The government's position is "substantially justified" if there is a "genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks, alterations, and citations omitted).

The government need only be "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person," id. at 565 (internal quotation marks omitted), and the government can be substantially justified even if it loses. Id. at 566 n.2; see also Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993) (affirming the district court's denial of attorneys' fees, even though plaintiffs had prevailed on two issues, because the government's overall position was "substantially justified"). The court must look to the totality of the circumstances to determine whether the government's position is substantially justified. See Comm'r, INS v. Jean, 496 U.S. 154, 161-62 (1990) ("[T]he EAJA--like other fee-shifting statutes-- favors treating a case as an inclusive whole, rather than as atomized line-items."); Roanoke River Basin, 991 F.2d at 139 ("[W]e look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the

government acted reasonably in causing the litigation or in taking a stance during the litigation.").

This court reviews the district court's determination of whether the government is substantially justified under the EAJA for an abuse of discretion. <u>Pierce</u>, 487 U.S. at 562-63. A district court abuses its discretion "only if its conclusions are based on mistaken legal principles or clearly erroneous factual findings." <u>People for the Ethical Treatment of Animals v. Doughney</u>, 263 F.3d 359, 370 (4th Cir. 2001).

We have thoroughly reviewed the record and find no error in the district court's decision. The district court properly considered the applicable legal standard and did not abuse its discretion in concluding that the Commissioner's litigation position was substantially justified. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>